## COMMISSIONER OF INTERNAL REVENUE v. TEW.

### No. 8014.

Circuit Court of Appeals, Sixth Circuit.

Jan. 9, 1940.

Paul R. Russell, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key and Ellis N. Slack, Sp. Assts. to Atty. Gen., on the brief), for petitioner.

Robert Guinther, of Akron, Ohio, and Frank C. Leslie, of Washington, D. C.

(Robert Guinther, of Akron, Ohio, and Frank C. Leslie and Charles M. Trammell, both of Washington, D. C., on the brief), for respondents.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

This is a petition to review a decision of the Board of Tax Appeals overruling a determination of the Commissioner, assessing against the respondents a deficiency of $5,004.84 in income tax for the year 1931. The question is whether the owner of undivided interests in a participating trust, upon surrendering certificates representing such interests and receiving her proportionate share of the underlying securities of the trust is entitled to deduct in income tax returns the difference between the market value of the securities received and the cost of the participating shares. The Board decided that the item was deductible.

The decision of the question depends in turn upon whether the transaction constituted a sale or exchange within the provisions of § 112(a) of the Revenue Act of 1928, 45 Stat. 791, 26 U.S.C.A. § 112(a), which in its material portions reads as follows: "Upon the sale or exchange of property the entire amount of the gain or loss determined under section 111, shall be recognized * * *."

The facts are not in controversy. As found by the Board, they are as follows:

Respondents, husband and wife, filed a joint income tax return for the year 1931. In the return, Elinor B. Tew (hereinafter called the respondent) claimed a deductible loss of $22,736 on the disposition of 4,175 shares of North American Trust Shares which she had acquired prior to July 13, 1931, at a total cost of $33,564.03. North American Trust Shares was a trust created by Distributors Group, Inc., under a trust agreement dated January 2, 1929. The trust fund was composed of shares of stock in 28 corporations. Certificates were issued, each one of which represented an undivided interest in the trust.

The certificate states that each share represents one two-thousandths interest in a stock unit consisting of shares of stock of the companies specified on the reverse thereof. While the stock held by the investment trust was listed on the back of the certificate, the trustee had the right to change the stocks and to eliminate items, wholly or partially, under the agreement. The certificate provides that the holder at his option may terminate the trust relationship and receive his interest in cash, or if he holds certificates representing an aggregate of 500 trust shares, or any multiple thereof, he may at his option receive his proportionate share of the underlying securities of the trust. Respondent held her shares for a period of less than two years, and upon December 23, 1931, surrendered her trust certificates and received from the trustee shares of stock in 28 corporations, of the aggregate market value of $8,182. She also received $2,763.84 in cash, covering the odd number of certificates, namely, 175. Upon these facts the Board decided that a deductible loss was sustained.

It is in brief the argument of the Commissioner that the transaction did not constitute a sale or exchange of property under the statute because it simply worked a merger of equitable and legal titles. It is contended that by reason of the termination of the trust relationship the respondent received nothing that she did not have before, because she had simply reduced to possession that to which she had always been entitled under the trust agreement.

We agree with the Board, however, that the respondent received in this transaction something different from the property right which she surrendered. She had possessed an undivided interest in the entire block of stocks owned by the trust, which was subject to change by the trustee. She received certain individual securities. The trust, while not a corporation or an association, was separate enough from the respondent so that it was a taxable entity under § 161, Revenue Act of 1928, 26 U.S.C.A. § 161. It owned the stocks, and respondent had only an interest in them; hence respondent's ownership of the certificate was totally different from her ownership of individual segregated shares of stock.

While the respondent had an equitable interest in all stock owned by the trust, she did not have an exclusive beneficial interest therein, for she shared her interest with all other certificate holders. Moreover, when the respondent terminated the trust relationship, she surrendered her interest in the other shares remaining in the trust. The transaction thus effected a substantial change in her property interest [Allen v. Commissioner, 2 Cir., 49 F.2d 716, certiorari denied, 284 U.S. 655, 52 S.Ct. 34, 76 L.

Ed. 555], and constituted an exchange within § 112(a) of the Revenue Act of 1928.

The reverse transaction, when a profit was secured, was held to be taxable. Allen v. Commissioner, supra; Bancker v. Commissioner, 5 Cir., 76 F.2d 1, certiorari denied, 296 U.S. 603, 56 S.Ct. 119, 80 L.Ed. 428.

The order is affirmed.